**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————————

JOSEPH CHAVEZ,
HARLAND TODECHEENIE, and
NEAL TSOSIE,

       Plaintiffs,

       v.                            Case No. 1:25-cv-00552-KWR-JHR

JACK CHEN,
1 EXPRESS, INC.,
TOP 1 EXPRESS, INC.,
US TRUCKING SERVICES, INC.,
UNITED SPECIALTY INSURANCE COMPANY,
PLATINUM TRANSPORT INSURANCE RRG, INC.,
ALL AMERICAN CLAIMS SOLUTIONS, INC.,
HARISH KAPUR,
GARY PAUL MATHAROO,
DESIREE GONZALEZ,
PAULINA VILLAREAL,
GARRETT PRESZLER,
KANWARPREET GILL, *also known as* KANWAR GILL,
BILL SANFORD, *Esq.*, and
VIVIANA NIEVA,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

    **THIS MATTER** comes before the Court on Joseph Chavez, Harland Todecheenie, and Neal Tsosie's ("Plaintiffs") Motion to Remand (**Doc. 12**). This Motion to Remand turns on Defendant All American Claims Solutions, Inc.'s ("Defendant AACS") failure to obtain the consent of Defendant Top 1 Express, Inc. ("Defendant Top 1"). Defendant AACS requests that this Court adopt an exception to the unanimity requirement that excuses nonunanimous consent if the removing defendant demonstrates that they exhausted all reasonable efforts to obtain a

co-defendant's consent. Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court declines to adopt Defendant AACS's proposed exception to the unanimity requirement, and therefore, Plaintiffs' Motion to Remand (**Doc. 12**) is **GRANTED**.

## BACKGROUND

Plaintiffs bring claims arising out of a motor vehicle accident that occurred on December 11, 2020. **Doc. 1-1 at 20–25**. Defendant Chen was driving a tractor trailer and rear-ended Plaintiffs' vehicle. *Id.* **at 21**. On December 11, 2023, Plaintiffs filed their original complaint against Defendants Jack Chen, 1 Express, Inc., Top 1, US Trucking Services, Inc., and United Specialty Insurance Company. *Id.* **at 34–43**.

After filing their original complaint, Plaintiffs struggled to find and serve Defendants Chen and Top 1 for several months. **Doc. 1-2 at 24**. Plaintiffs obtained the state court's permission to serve Defendants Top 1 and Chen by publication on October 25, 2024, and March 18, 2025, respectively. *Id.* **at 57–58, 95–96**. Plaintiffs filed notices that Defendants Top 1 and Chen were served by publication. *Id.* **at 62, 103**.

Plaintiffs sought an entry of default judgment against Defendant Chen on June 26, 2024, *see id.* **at 17**, and against Defendant Top 1 on November 15, 2024, *see id.* **at 60**. On July 17, 2025, the state court entered, *nunc pro tunc* following the hearing on January 17, 2025, an order of default judgment against Defendant Top 1, **Doc. 38-3**, and an order denying default judgment against Defendant Chen, **Doc. 38-4**. On May 19, 2025, Plaintiffs filed their First Amended Complaint adding Defendant AACS and alleged violations of the Trade Practices and Fraud Article ("TPFA"), NMSA 1978, § 59A-16-20 (2025). **Doc. 1-1 at 26–29**. On May 21, 2025, Plaintiffs filed the operative Second Amended Complaint. *Id.* **at 17**. On June 11, 2025, Defendant AACS removed the action to this Court. *See* **Doc. 1**.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. A defendant seeking removal must overcome the presumption against removal. *See Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Removal statutes are strictly construed, and ambiguities are resolved in favor of remand. *Id.* The removing party bears "the burden to establish that [federal jurisdiction] is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citation modified).

## DISCUSSION

Defendant AACS acknowledges that the unanimity requirement was not met, but it requests that the Court adopt an exception based on its reasonable efforts to obtain unanimous consent. **Doc. 38 at 12–15**. Further, Defendant AACS argues that Plaintiffs' failure to join it until after a year had passed was in bad faith and deprived it of its right to removal. ***Id.* at 6–11**. The Court addresses each argument in turn.

### I.   Defendant AACS's removal violates the unanimity requirement.

Plaintiffs argue that Defendant AACS failed to join and obtain the consent of Defendants United Specialty Insurance Company ("Defendant USIC"), Bill Sanford, Jack Chen, and Top 1 before filing its Notice of Removal. **Doc. 12 at 8**. Defendant AACS contends that the only defendant whose consent is at issue is Defendant Top 1. **Doc. 38 at 13**. The Court agrees that Defendant Top 1's consent is at issue.[1] Defendant AACS requests that the Court adopt an exception

---

[1] Based on the record, it is unclear whether Defendant Chen has been properly served. Once a case is removed, a federal court looks to the law of the forum state to determine whether service of process was perfected before removal. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). Plaintiffs argue that Defendant Chen was properly served under NMRA Rule 1-004(F)(2) because: (1) Plaintiffs first tried to personally serve Defendant Chen on March 16, 2024; and (2) after failing to personally serve Defendant Chen, Plaintiffs served "a resident of the abode who

to the unanimity requirement in light of the default judgment entered against Defendant Top 1 and defense counsel's inability to obtain consent from Defendant Top 1, despite exhausting all reasonable efforts to obtain consent. The Court will not adopt the requested exception, and therefore, Defendant AACS's removal violates the unanimity requirement. Accordingly, the Court remands the case pursuant to 28 U.S.C. § 1447(c).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). A removal notice is procedurally defective, which requires the district court to remand the case, if one defendant fails to join in the removal notice. *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172–73 (D.N.M. 2007) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). The unanimity requirement, however, is not required in the following situations: (1) if the defendant is a nominal or formal party and (2) if the defendant has not yet been served with process. *Id.* at 1173 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41 (1939)).

---

was over the age of fifteen." **Doc. 1-2 at 31**. These steps alone are insufficient. Rule 1-004(F)(2) requires that "service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." Plaintiffs never provided proof, or even claimed, that they also mailed a copy of the process to the home of Defendant Chen. On April 8, 2025, Plaintiffs filed proof of service on Defendant Chen by publication. **Doc. 1-2 at 102–03**. But, on July 17, 2025, the state court entered an order *nunc pro tunc* denying default judgment against Defendant Chen "following 01-17-2025 Hearing." **Doc. 38-4**. The state court did not provide a ground for declining to enter default judgment against Defendant Chen. Based on the record before the Court, it is unclear whether Defendant Chen has been properly served. Because the failure to obtain Defendant Top 1's consent is dispositive, the Court need not decide whether Defendant Chen's consent is also required.

**A.  The unanimity requirement requires Defendant Top 1's consent.**

Here, Defendant AACS does not argue that Defendant Top 1 is a "nominal or formal party" or that Defendant Top 1 was not properly joined and served.[2] *See* **Doc. 38 at 13** (claiming that "the only defendant whose consent is at issue is Defendant Top 1"). The state court granted default judgment against Defendant Top 1 and found that Defendant Top 1 was properly served and defaulted pursuant to NMRA Rule 1-055. **Doc. 38-3 at 1–2**. Thus, Defendant Top 1's consent is required for removal. *See* § 1446(b)(2)(A).

It is undisputed that Defendant Top 1 did not consent to removal as required by § 1446(b)(2)(A). *See* **Doc. 38 at 13–15**. In requesting that the Court adopt and apply an exception to the unanimity requirement, Defendant AACS directs the Court's attention to *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295 (N.D. Fla. 2004). In *White*, the district court noted that "in order to excuse such consent, the removing defendant must allege with specificity in its petition for removal, and prove upon challenge by a timely motion to remand, that the removing defendant has unsuccessfully exhausted all reasonable efforts to locate the defaulted defendant to obtain its consent." 313 F. Supp. 2d at 1304.

Defendant AACS contends that it attempted to locate Defendant Top 1, but that its attorney had "never been successful in contacting" anyone associated with Defendant Top 1. **Doc. 38 at 14**.

---

[2] To the extent that Defendant AACS's single sentence noting that the "unanimity requirement has been excused for a nominal or formal party" is argument that Defendant Top 1 is a nominal party, the Court disagrees. *See* **Doc. 38 at 13**. Plaintiffs sued Defendant Top 1 in tort for the crash allegedly caused by Defendant Chen. *See* **Doc. 1-1 at 17–28**. Defendant Top 1 appears to be a dissolved California corporation. **Doc. 1-2 at 65**. The capacity to sue Defendant Top 1 is determined under California law. Fed. R. Civ. P. 17(b)(2). Under California law, a dissolved corporation "continues to exist for the purpose of . . . prosecuting and defending actions by or against it." Cal. Corp. Code § 2010(a). In California, a corporation's dissolution is "best understood not as its death, but merely as its retirement from active business." *Penasquitos, Inc. v. Superior Court*, 812 P.2d 154, 160 (Cal. 1991). Thus, Defendant Top 1, despite its default, is not a nominal party and still faces liability for its pre-dissolution activities.

Counsel for Defendant Top 1 was also advised that it "went out of business in early 2022 and its owner relocated to China." *Id.* Defendant AACS contends that its efforts demonstrate that it "*unsuccessfully exhausted all reasonable efforts to locate Defendant Chen and Defendant Top 1 to obtain their consent.*" *Id.* **at 15**. Although defense counsel exhausted all reasonable efforts to locate Defendant Top 1, excusal of the unanimity requirement requires that the Court adopt the *White* exception put forth by Defendant AACS. For several reasons, the Court will not adopt the *White* exception.

Not only has the Tenth Circuit not addressed this exception, but several courts have rejected such an exception entirely.[3] *See, e.g.*, *Romero v. Knee*, No. 1:17-cv-01273-RB-KBM, 2018 WL 3966275, at *3 (D.N.M. Aug. 17, 2018) (noting that the question "is not whether the removing defendant did everything it could to obtain consent, but whether all properly-served defendants consent to removal"); *First Indep. Bank v. Trendventures, LLC*, No. 2:07-cv-14462-BAF-DAS, 2008 WL 253045, at *6 (E.D. Mich. Jan. 30, 2008) (finding that despite "strenuous and diligent efforts" to obtain consent, the court was "without authority under clearly established law to excuse noncompliance with the rule of unanimity"); *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 701 (D.N.J. Oct. 27, 2011) (remanding case when defendant failed to obtain defaulting defendant's consent and noting that "remand has been granted in cases where the removing

---

[3] Relatedly, it is immaterial that Defendant Top 1 is a dissolved corporation. Under California law, Defendant Top 1 remains liable for its allegedly tortious conduct, and courts have found no reason to disregard the unanimity requirement just because a properly joined and served defendant is a dissolved entity. *See, e.g.*, *Williams v. Cecchi*, No. 2:12-cv-02391-JFW-SH, 2012 WL 12952315, at *2 (C.D. Cal. May 8, 2012) ("[T]he Court concludes that there is no reason a dissolved entity would be exempt from the rule of unanimity."); *Town of Moreau v. State Dep't of Env't Conservation*, No. 5:96-cv-00983-NPM-GJD, 1997 WL 243258, at *2 (N.D.N.Y. May 5, 1997) ("True Abalene is a dissolved corporation. That does not affect Abalene's ability to sue and be sued. Consequently, [defendant's] argument that Abalene was not required to join in the Notice of Removal because of its dissolution is unavailing." (citation modified)).

defendant was in all likelihood unable to obtain the co-defendant's consent"). The text of the removal statute does not provide district courts discretion to overlook a party's procedural failures unless the district court finds bad faith. *See* § 1446(c). The Court will not find judicial discretion where it does not exist. *See United States v. Koerber*, 10 F.4th 1083, 1112 (10th Cir. 2021) (noting that, in statutory interpretation, a court should "first examine the statute's plain text" and "[a]bsent ambiguity," the analysis ends there).

Adhering to the text of § 1446(b)(2)(A) aligns with the long-standing principles that removal statutes should be strictly construed and ambiguity should be resolved in favor of remand. *See Fajen*, 683 F.2d at 333. While the Court appreciates Defendant AACS's attempts to reach Defendant Top 1, the Court will adhere to settled law and find that removal is not appropriate when fewer than all defendants, properly joined and served, consent to removal. *See* § 1446(b)(2)(A); *see also Romero*, 2018 WL 3966275, at *3 ("If fewer than all defendants consent to removal . . . removal is not appropriate, regardless of the fact that the removing defendant tried its best to obtain consent."). Accordingly, since the unanimity requirement has not been met, the Court remands the case pursuant to § 1447(c).[4] *See City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1094–95 (10th Cir. 2017) (finding that failing the unanimity requirement is grounds for remand under § 1447(c)).

---

[4] The record does not reflect, and neither party presents evidence, that Defendant Sanford was served. Thus, the Court will not consider whether Defendant Sanford needs to be joined for the purposes of the unanimity rule. *See Brady*, 504 F. Supp. 2d at 1173 (noting that the unanimity requirement is not required if the defendant has not yet been served with process).

**B.  The Court need not decide whether Defendant USIC's consent was proper.**

Plaintiffs argue that Defendant USIC is in default and Defendant AACS has not provided proof of Defendant USIC's consent. **Doc. 12 at 8**. Since Plaintiffs have not formally moved for default against Defendant USIC, the Court will construe Plaintiffs' argument as one that Defendant USIC did not properly consent to removal thereby violating the unanimity requirement. Defendant AACS contends that it removed with "the express consent" of Defendant USIC. **Doc. 38 at 13**; **Doc. 1 ¶ 6**. This disagreement boils down to the split in which some courts have required "independent and unambiguous" consent from all Defendants, *see Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1258 (D.N.M. 2008), and other courts have allowed for the removing defendant to vouch for another defendant's consent, *see Szuszalski v. Fields*, No. 1:19-cv-0250-RB-CJ, 2019 WL 5964602, at *7–8 (D.N.M. 2019). While the Tenth Circuit "has not stated what is necessary to satisfy the requirement that all defendants join in the removal petition," *see Tresco, Inc. v. Cont'l Cas. Co.*, 727 F. Supp. 2d 1243, 1248 (D.N.M. 2010) (citation modified), so long as the split exists, the best practice is to obtain "independent and unambiguous" consent from each party to avoid this dispute. Since Defendant AACS's removal already violates the unanimity rule by failing to obtain Defendant Top 1's consent, the Court need not decide whether Defendant AACS's "voucher" approach also violates the unanimity rule.

Based on the lack of Defendant Top 1's consent to removal, the Court must remand the case pursuant to § 1447(c) for violation of the unanimity rule.[5]

**II.   Additionally, removal is improper under § 1446(c)(1) since Plaintiffs did not act in bad faith.**

---

[5] Since the Court remands the case on these grounds, the Court will not consider Plaintiffs' argument that Defendant cannot show, by a preponderance of the evidence, that the amount in controversy requirement is met. *See* **Doc. 12 at 9–10**.

Defendant AACS takes the position that Plaintiffs' failure to name Defendant AACS until after the one-year removal deadline constitutes bad faith under § 1446(c)(1). **Doc. 38 at 3**. Plaintiffs contend that the delays in the underlying litigation were not the result of bad faith and that they could not join Defendant AACS until liability had been established in the underlying collision in light of *Hovet v. Allstate*, 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69. **Doc. 12 at 6**. The Court cannot find that that Plaintiffs delayed joining Defendant AACS in a bad faith effort to prevent removal, and thus, removal is improper under § 1446(c)(1).

Section 1446(c) provides that a "case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1).

In New Mexico, the TPFA provides that insurance companies may not engage in "unfair and deceptive practices." Section 59A-16-20. In *Hovet*, the New Mexico Supreme Court found that Section 59A-16-30 grants a private right of action to any person covered by the TPFA "who has suffered damages as a result of a violation of that article by an insurer or agent." 2004-NMSC-010, ¶ 1. However, an action for unfair claims based on a failure to settle "may only be filed after the conclusion of the underlying negligence litigation, and after there has been a judicial determination of fault in favor of the third party and against the insured." *Id.* ¶ 25. A third-party claimant may not sue both the insured and the insurer in the same lawsuit, and the third-party claimant "will not even have an action under Section 59A-16-20(E), unless and until there has been a judicial determination of the insured's fault and the amount of damages awarded in the underlying negligence action." *Id.* ¶ 26.

The Court cannot find that Plaintiffs' failure to join Defendant AACS until after a year had passed warrants a finding of bad faith. A court in this district has put forth the following two-step standard for determining bad faith: (1) consider whether there was active litigation against the removal spoiler in state court, and if so, then this creates a rebuttable presumption of good faith; and (2) if the plaintiffs show they actively litigated against the removal spoiler, then the defendant may introduce rebuttal evidence that he has on hand. *See Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1274–76 (D.N.M. 2014). The Court notes that the *Aguayo* two-step does not perfectly fit the facts of this case since Defendant AACS asks the Court to find bad faith in Plaintiffs' failure to join them until after a year had passed. *See* **Doc. 38 at 6**. Thus, the Court will consider whether there appeared to be active litigation in the state court prior to joining Defendant AACS, and if so, whether Defendant AACS presents sufficient evidence to overcome the presumption of good faith.

Plaintiffs appear to have made their best effort to advance the litigation in state court. Plaintiffs struggled to find and serve Defendants Top 1 and Chen for several months. **Doc. 12 at 4–5**; **Doc. 1-2 at 24**. Even Defendant Top 1 and Defendant Chen's attorney struggled to make any sort of contact with them beyond a single phone call with Defendant Chen. *See* **Doc. 1-2 at 63**. Plaintiffs originally filed their complaint on December 11, 2023. **Doc. 1-1 at 1**. On March 20, 2024, Plaintiffs attempted to serve Defendant Chen before leaving service with someone that lived at his believed residence. *See* **Doc. 1-2 at 24–27**. On September 25, 2024, Plaintiffs sought the state court's permission to serve Defendant Top 1 by publication. ***Id.* at 41**. The state court granted Plaintiffs' request to serve Defendant Top 1 by publication. ***Id.* at 57–58**. On February 12, 2025, Plaintiffs sought the state court's permission to serve Defendant Chen by publication. ***Id.* at 69**. On March 18, 2025, the state court found that Plaintiffs had "made diligent efforts to serve Defendant Jack Chen" and granted Plaintiffs' request to serve Defendant Chen by publication. ***Id.***

**at 95–96**. Plaintiffs filed proof of service by publication on April 8, 2025. *Id.* **at 102–03**. On July 17, 2025, the state court ordered default judgement against Defendant Top 1 and denied default judgment against Defendant Chen. **Doc. 38-3**; **Doc. 38-4**. In light of Plaintiffs' efforts to locate, serve, and pursue default judgments against Defendants Chen and Top 1, the Court finds that Plaintiffs actively litigated their case in the state court prior to joining Defendant AACS. Therefore, the record supports a presumption of good faith that Defendant AACS must overcome.

The Court finds that Defendant AACS does not meet its burden demonstrating that Plaintiffs engaged in bad faith before joining them. Defendant AACS's argument relies on Plaintiffs' counsel's history of joining liability insurers prematurely in light of *Hovet*. *See* **Doc. 38 at 9–10**. Defendant AACS contends that Plaintiffs' counsel usually joins liability insurers before receiving a judgment and damages determination as required by *Hovet*, and thus, Plaintiffs' counsel's failure to join Defendant AACS until receiving a default judgment against the insured should be inferred to be in bad faith. *See id. Hovet*, however, specifies that a third-party claimant will "not even have an action under Section 59A-16-20(E), unless and until there has been a judicial determination of the insured's fault and the amount of damages awarded in the underlying negligence action." 2004-NMSC-010, ¶ 26. Plaintiffs First Amended Complaint, which also joined Defendant AACS, specifically alleges a violation of Section 59A-16-20(E). **Doc. 1-1 at 11**. Under *Hovet*, such a claim would not be available "unless and until there has been a judicial determination of the insured's fault and the damages awarded in the underlying action." *Id.* Plaintiffs contend that they could not join Defendant AACS until "liability for the underlying collision had been established" against the insureds. **Doc. 12 at 6**. Just because Plaintiffs' counsel appears to have not

adhered to the *Hovet* procedure in the past, an attempt to adhere to the *Hovet* procedure now will not be deemed bad faith.[6]

Accordingly, the Court finds that Plaintiffs have not acted in bad faith in an attempt to prevent removal, and thus, removal is improper under § 1446(c).

**III.    <u>An award of costs and fees is not warranted.</u>**

Plaintiffs contend that Defendant AACS's removal was "fatally defective" for several reasons, and thus, an award of costs and fees is warranted. **Doc. 12 at 10–11**. Defendant AACS argues that, even in the event of remand, it demonstrated a reasonable basis for removal and an award of fees should be denied. **Doc. 38 at 19–20**. In light of the Court's analysis and the unique issue regarding Defendant Top 1, the Court agrees that an award of fees and costs is not warranted.

Pursuant to § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A district court retains the discretion to award fees, but "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, given Defendant AACS's appeal to *White v. Bombardier Corp.*, 313 F. Supp. 2d 1295 (N.D. Fla. 2004), the Court cannot say that Defendant AACS's removal lacked an objectively

---

[6] The Court also notes that Plaintiffs argue that default judgments were entered against both Defendants Top 1 and Chen, but the state court failed to enter a written order as to the default judgment against Defendant Chen. **Doc. 41 at 3**. Plaintiffs' counsel provides the Court with no evidence that this is the case. Rather, the Court is only presented with the state court's July 17, 2025, order denying default judgment against Defendant Chen. **Doc. 38-4**. Further, *Hovet* indicates that establishing liability is only half the battle, and there must also be a judicial determination of the "amount of damages awarded in the underlying action" before the third-party has a claim under Section 59A-16-20(E). 2004-NMSC-010, ¶ 26. Thus, it remains unclear whether Defendant AACS is properly joined at this point. However, since the Court lacks jurisdiction due to Defendant AACS's failure to adhere to the unanimity rule, the Court will not decide whether Defendant AACS is properly joined at this juncture.

reasonable basis. While success under the theory proved to be unlikely, the Court cannot conclude

that appealing to the *White* exception—in these circumstances—was objectively unreasonable.

Therefore, the Court finds that an award of fees and costs is not warranted.

## CONCLUSION

In sum, Defendant AACS did not obtain Defendant Top 1's consent to removal as required

by § 1446(b)(2)(A). Lack of unanimity is a procedural defect that precludes removal, and thus, the

Court remands the action pursuant to § 1447(c). *See Harvey v. UTE Indian Tribe of the Uintah &*

*Ouray Reservation*, 797 F.3d 800, 805–06 (10th Cir. 2015). Although Defendant AACS's removal

failed to comply with the unanimity requirement, an award of fees and costs is not warranted.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (**Doc. 12**) is hereby

**GRANTED** pursuant to § 1447(c). The Clerk of the Court is direct to take the necessary action to

**REMAND** the case to the Thirteenth Judicial District Court, County of Cibola, State of New

Mexico.

**IT IS FURTHER ORDERED** that Defendant AACS's Motion to Dismiss for Lack of

Jurisdiction and Failure to State a Claim (**Doc. 3**) is **DENIED AS MOOT**.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

13